IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALEXANDRIA M. CLAYTON,        )
                              )
            Plaintiff,        )
                              )
vs.                           )      CIVIL ACTION NUMBER:
                              )      CV-15-
                              )      JURY DEMAND
                              )
SAVANNAH CHATHAM              )
METROPOLITAN POLICE           )
DEPARTMENT, OFFICER RANDY     )      CV415-093
VEAL, SERGEANT CLARENCE FEW,  )
CAPTAIN CEDRIC PHILLIPS,      )
MATHEW LOPRESTI (Patrol Training )
Officer), SERGEANT TORRENCE   )
GARVIN, CAPTAIN MIKE WILKINS, )
SERGEANT CLEVELAND LOVETT,    )
MAJOR/ACTING CHIEF JULIE      )
TOLERBT, SERGEANT NICOLE      )
KOHLES, STAR CORPORAL KEITH   )
RICHARDSON, SERGEANT          )
CHRISTOPHER HEWETT, CAPTAIN   )
DEVON ADAMS, CAPTAIN BEN      )
HERON, SANTANA WILLIS (Patrol )
Training Officer), SERGEANT TAMBRA )
SHOOP, NIKEYA NELSON (Community )
Resource Officer), HUMAN RESOURCE )
DIRECTOR BETH ROBINSON,       )
EMPLOYEE RELATIONS            )
COORDINATOR SYLVIA PERRY,     )
CITY MANAGER STEPHANIE CUTTER, )
and CHIEF WILLIE LOVETT,      )
all in their individual and official )
capacities as employees of the )
Savannah Chatham Metropolitan Police )
Department,                   )
                              )
            Defendants.       )

1

## COMPLAINT

I.    **JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, 42 U.S.C. §1981 and 42 U.S.C. §1983.   The Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201 & 2202.   This suit also asserts state law claims of invasion of privacy, outrage, negligent retention and negligent supervision under Alabama law.

2.    The plaintiff timely filed her charge of sex and race discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment.   The plaintiff further filed her sex and race discrimination and retaliation suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

II.    **PARTIES**

3.    Plaintiff, Alexandria M. Clayton, is a female citizen of the United States and a resident of the State of Georgia.   She was an employee of the defendant prior to her retaliatory discharge.

4.    Defendant, Savannah Chatham Metropolitan Police Department, is a Georgia entity with its principal place of business in the State of Georgia (Savannah, Georgia) and is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 and 42 U.S.C. §1983.

5.    Defendant Officer Randy Veal, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as

2

amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

6.     Defendant Sergeant Clarence Few, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

7.     Defendant Captain Cedric Phillips (former), is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

8.     Defendant Mathew Lopresti, Patrol Training Officer, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

9.     Defendant Sergeant Torrence Garvin, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

10.     Defendant Captain Mike Wilkins (Former), is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

3

11.    Defendant Sergeant Cleveland Lovett, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

12.    Defendant Major/Acting Chief Julie Tolbert, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

13.    Defendant Sergeant Nicole Kohles, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

14.    Defendant Star Corporal Keith Richardson, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

15.    Defendant Captain Devon Adams, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

16.    Defendant Captain Ben Heron, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as

4

amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

17.     Defendant Santana Willis, Patrol Training Officer, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

18.     Defendant Officer Sergeant T. Shoop, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

19.     Defendant Nikeya Nelson, Community Resource Officer, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

20.     Defendant Human Resource Director Beth Robinson, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

21.     Defendant Employee Relations Coordinator Sylvia Perry, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

22.     Defendant City Manager Stephanie Cutter, is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

23.     Defendant Chief Willie Lovett[1], is named individually and officially and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981 and 42 U.S.C. §1983.

## III.   FACTUAL ALLEGATIONS

24.     Plaintiff adopts and re-alleges Paragraphs 1-23 above as if fully set forth in full herein.

25.     The plaintiff was hired by the defendant, Savannah Chatham Metropolitan Police Department, on June 27, 2011 as a Law Enforcement Officer/Peace Officer.

26.     From approximately November 2011 until her retaliatory discharge, plaintiff was sexually harassed by co-workers and was forced to work in a sexually hostile work environment by her supervisors and co-workers.

27.     Within three weeks of being hired/employed, the plaintiff was sexual harassed by Officer Randy Veal.   Officer Veal continued his sexual harassment even though the plaintiff continually requested that he stop, ignored his comments, and repeatedly reported his conduct to management/higher officials.   Specifically, Officer Veal would make sexually derogatory comments to the plaintiff, including but not limited to:

_____

[1]Chief Willie Lovett is no longer employed with the defendant and is currently incarcerated.

6

- November 2011 - "What's up good looking? . . . "hey good looking with your fine ass . . . Oh you can't speak today . . . I'm attracted to you that's all.   You don't have to be like that."

- November 2011 - "What's up with your fine ass self.   Damn your ass is nice and round."

- November 2011 - "you are fine as hell . . . I like the way your ass is shaped . . that is doggie style action."

- December 2011 - "hey girl with your fine round ass self.   You can't speak?   You know your booty is round and look good . . . straight up doggie style action."

- After the plaintiff made a complaint to Sergeant Few (December 2011) - "Oh, I see you told Sergeant Few on me.   That doesn't stop a nigga like me.   I do what the fuck I want around here.   I can't be touched.   I say what I want to say to a bitch.   Everybody knows I'm crazy.   You act like you are too good to accept compliments."

- One night when the plaintiff was getting off duty, Veal entered the precinct and quickly closed the door.   The plaintiff stepped to the side to let him by.   Veal stepped in the plaintiff's face and said "What you going to do now?"   Plaintiff was afraid.   Veal finally laughed and stepped aside to let the plaintiff exit the building.

- January 2012 - a female officer walked by as the plaintiff was using the copy machine.   Veal approached the plaintiff and said "you see that officer?   She used to have a nice round booty like yours.   She shitted out baby after baby and lost her shape.   I used to fantasize about hitting that doggie style - not anymore."

- February 2012 - asked the plaintiff if she had kids and she said no.   Veal stated "oh, that's why you fine as hell."

28.   In December 2011, the plaintiff reported Veal's conduct to Sergeant Clarence

Few.   Sergeant Few told the plaintiff to ignore Veal and his comments/conduct as he was not a

mean person - just a jokester.   Plaintiff informed Sergeant Few that Veal's comments and

actions were not appropriate, sexually degrading to her and when she asked him (Veal) to stop,

he just laughs.   No prompt remedial action took place to stop Veal and his conduct toward the plaintiff.

29.     Plaintiff continued to report Veal's comments and actions to Sergeant Few. Again, Few told the plaintiff "just ignore him . . . he will eventually stop . . . he is just blowing off steam  . . ."

30.     On December 29, 2011, Captain Cedric Phillips[2] talked with the plaintiff at Precinct Two.   Captain Cedric Phillips told the plaintiff that he wanted her to talk with Lieutenant Katrina Hughes[3] about the situation as she (Hughes) should have put a stop to this conduct by now.   However, when the plaintiff went into detail about Veal's conduct, Captain Phillips, like Sergeant Few, told the plaintiff "that just Veal . . he didn't mean you any harm . . . he's playful like that."   Again, no prompt remedial action took place to stop Veal and his conduct toward the plaintiff.

31.     Days later, Captain Phillips summoned the plaintiff to his off duty post (DMV on Eisenhower) to find out how things were going.   The plaintiff told him that things were so bad that she had requested to be moved to another precinct as the environment was too hostile and she was not comfortable and did not feel safe at Precinct Two.   Captain Phillips told the plaintiff "she needed to go with the flow . . . learn to be quiet . . . don't complain about every little thing someone says to you . . . I can help you better if you go with the flow . . ."   Again, no prompt remedial action took place to stop Veal and his conduct toward the plaintiff.

32.     After Veal's comments to the plaintiff about another female office in January

---

[2]Captain Phillips no longer works for the defendant after serving 29 years.

[3]Lt. Hughes was terminated by the defendant after 29 years of service.

8

2012, she again complained to Sergeant Few.   Sergeant Few again stated "yeah, he plays a lot . . just ignore him . . he acts like a child . . . he wants attention and will do silly things to get it . .. He will stop when you stop complaining . . .just ignore him."   Again, no prompt remedial action took place to stop Veal and his conduct toward the plaintiff.

33.   On February 18, 2012, Veal yelled and cursed at the plaintiff.   He called the plaintiff a "bitch," "mother fucker," and a "whore."   Plaintiff immediately called Sergeant Few. Few told the plaintiff "No, Clayton - calm down and stick to your guns . . . I am not going to talk to him about this . . . you can handle it."   Plaintiff told Few that she was giving him notice that she was officially making a complaint about Veal even though she had complained to Few numerous times before.

34.   Another incident occurred with another officer in December 2011.   Matthew Lopresti, Patrol Training Officer, put his hands in the plaintiff's face and yelled at her during a domestic violence call.   Once back at the precinct, both parties told their sides of the story to Lieutenant Katrina Hughes.    During the conversation, Sergeant Torrence Garvin interjected and stated that Lopresti could put his hands in the plaintiff's face and yell at her.   Lieutenant Hughes disagreed and stated that the plaintiff did not have to put up with that behavior.   Once again, the plaintiff left feeling that no prompt remedial action was taken against the person harassing and/or discriminating against her.

35.   In February 2012, Lieutenant Hughes told the plaintiff to write up the incident that transpired with PTO Lopresti.   On February 20, 2012, Captain Mike Wilkins[4] called the plaintiff into his office and told her that her complaint/grievance was being forwarded to the Human

---

[4]Captain Mike Wilkins is no longer employed with defendant, Savannah Chatham Metropolitan

Resources Department.

36.     On March 2, 2012, the plaintiff was told to report to the Internal Affairs Office. When she arrived, the plaintiff was interviewed by Sergeant Cleveland Lovett and Lieutenant Andre Oliver.[5]   Plaintiff was told by Lt. Oliver that her work environment was not hostile and it was just a conduct issue on Officer's Veal part.

37.     On March 12, 2012, the plaintiff received an email from Captain Wilkins instructing her to report to Major Julie Tolbert's[6] office on March 13, 2012 regarding her request to be transferred due to the sexually hostile work environment.     When the plaintiff reported to Major Tolbert's office, Major Tolbert was very unpleasant and aggressive with the plaintiff.   As the plaintiff continued to explain all the sexual harassment and the numerous complaints she had made that had gone unanswered, Major Tolbert became more and more angry and yelled at the plaintiff.   Plaintiff finally stated that she could not continue to work in that environment at Precinct Two and she would just have to quit her job.   Major Tolbert finally stated that she would place the plaintiff somewhere else.

38.     On or about March 15, 2012, the plaintiff, along with Sergeant Garvin, were transferred to Precinct Three.   Plaintiff had issues with Sergeant Garvin while at Precinct Two; however, he was also transferred to Precinct Three.

39.     Within a few months of being at Precinct Three, the plaintiff began to experience retaliation.   On June 19, 2012, Sergeant Nicole Kohles called the plaintiff into the office and

Police Department.

[5]Lt. Andre Oliver is deceased.

[6]Major Julie Tolbert is now Acting Chief Julie Tolbert.

stated that she took too long completing an accident report.   On June 23, 2012, Star Corporal

Keith Richardson was the acting supervisor in the department.   On that date, he denied the

plaintiff her lunch break.   He told her that there were not enough officers available for her to

take lunch.   However, all the other officers were allowed to take their lunch.

40.     From July 18, 2012 - July 26, 2012, the harassment and retaliation continued.

The plaintiff started experiencing horrible headaches from the stress that resulted in her having to

have a CAT Scan.

41.     On August 29, 2012, Community Resource Officer Nikeya Nelson challenged the

plaintiff to a fight.   The plaintiff immediately reported the incident to Sergeant Christopher

Hewett, Sergeant Garvin and Captain Devon Adams.   No corrective remedial action was taken

regarding the plaintiff's complaint.

42.     On October 12, 2012, Captain Adams called the plaintiff into his office.   He was

very angry at the plaintiff and told her to let Sergeant Garvin complete his investigation.

43.     On November 10, 2012, Captain Ben Heron reported an update to the plaintiff

regarding her complaints of sexual harassment.   Captain Heron told the plaintiff that Patrol

Training Officer Santana Willis, Officer Randy Veal and Sergeant Clarence Few had been found

guilty of misconduct as well as the plaintiff.   Plaintiff did not know that she was being

investigated as nobody from Human Resources or Internal Affairs had contacted her regarding

her complaints.   Plaintiff was the one that made complaints regarding the conduct/comments of

Officer Veal; however, she was found guilty of misconduct.   Defendant's conduct of finding the

plaintiff guilty of misconduct is retaliatory treatment of the plaintiff for making her complaints.

44.     On November 12, 2012, the plaintiff was into Sergeant Garvin's office and told

11

her that her disciplinary action was forth coming.

45.     On November 19, 2012, the plaintiff filed an EEOC charge with the EEOC
alleging race and sex discrimination along with retaliation.

46.     Despite the ongoing harassment and defendant's knowledge thereof, defendant
failed to take prompt, remedial action to stop or prevent the harassing behavior.

47.     On December 7, 2012, the plaintiff wrote a memo regarding Sergeant Garvin's
hostile treatment of the plaintiff regarding vehicle 4968 and some evidence the plaintiff
inadvertently disposed.   Plaintiff visited Internal Affairs office to report the hostile incident to
Sergeant Tambra Shoop.   Plaintiff provided the tape recording of the incident where Sergeant
Garvin ordering her to go get the evidence out of the dumpster.

48.     On December 28, 2012, the plaintiff received a reprimand from Sergeant Garvin
and Captain Devon Adams regarding the incident between the plaintiff and Community Resource
Officer Nikeya Nelson which occurred on August 28, 2012.

49.     On January 23, 2012, Patrol Training Officer Sergio Ahuyon ground his buttocks
and ran his fingers up the plaintiff's right thigh and gripped her right butt cheek.   The plaintiff
reported this incident to Internal Affairs and Employee Relations Coordinator Sylvia Perry in
Human Resources.

50.     On February 1, 2013, the plaintiff went to the Internal Affairs Department to file a
complaint against Sergeant Garvin and Captain Adams.   Again, the plaintiff was treated hostile
by Sergeant Shoop.   Sergeant Shoop immediately called Lieutenant Oliver for him to notify
Chief Lovett that the plaintiff was again filing a complaint.   Every time the plaintiff made a
compliant, Chief Lovett was notified that the plaintiff was complaining again.   Again, defendant

was retaliating against the plaintiff.

51.     The plaintiff took vacation from February 9, 2013 until February 20, 2013. When the plaintiff returned from vacation, she was driven by Lieutenant Patton to the Internal Affairs Office.   She was notified that Chief Lovett placed her on Administrative Leave with pay. Plaintiff discovered that she was under surveillance by the SCMPD Internal Affairs Office.

52.     On April 3, 2012, the plaintiff sent further information to Mr. Torres, the EEOC Investigator, regarding her continued retaliatory treatment because of her complaints of sexual harassment and other actions toward her.

53.     On June 12, 2013, the plaintiff was informed that Chief Willie Lovett was going to trump up felony charges against her any day.

54.     On June 19, 2013, the plaintiff was placed on Administrative Leave with pay. On June 26, 2013, the plaintiff was terminated.   Said termination was upheld on July 8, 2013.

55.     The plaintiff was told that she was suspended due to violation of City/Department Policies: General Order #ADM-004 Oath of Office, Ethics and Conduct & Fitness for Duty Standards.   Stephanie Clutter, City Manager, told the plaintiff that her termination was upheld because she failed to follow Administrative Leave Guidelines.

56.     Plaintiff denies all allegations made against her by the defendants.

57.     The plaintiff filed an EEOC charge alleging retaliation in her termination on July 10, 2013.

## IV.   SEX HARASSMENT

58.     Plaintiff adopts and re-alleges Paragraphs 1-57 above as if fully set forth in full herein.

13

59.     The plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  The plaintiff was subjected to harassment on account of her sex and such harassment created a sexually hostile work environment.

60.     The harassment was unwelcomed, based on sex, and was severe and pervasive so that it affected the terms and conditions of the plaintiff's employment and defendant is liable for such harassment.

61.     Defendant failed to take prompt remedial action to stop or remedy the harassment.

62.     The harassment was continuing in nature.   Because of the sexual harassment, the plaintiff's complaint of harassment, and defendant's failure to appropriately handle the complaint of sexual harassment, she was further harassed and retaliated against in regard to discipline, work/job assignments, transfer, suspension, and discharge.

63.     Plaintiff was subjected to a sexually hostile work environment.

64.     Defendant has engaged in a pattern and practice of discrimination.

65.     Based on the continuous harassing conduct, defendant's lack of response and further harassment and retaliation, plaintiff's work conditions became so intolerable, she was retaliatory discharged.

66.     Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

67.     Defendant acted with malice and/or reckless indifference toward the plaintiff.

V.     **RETALIATION**

68.     Plaintiff adopts and re-alleges Paragraphs 1-67 above as if fully set forth in full

14

herein.

69.     As a result of plaintiff's opposition to and complaints of sexual harassment, she was retaliated against in regard to discipline, transfer, job/work assignments, suspension and discharge.

70.     Plaintiff opposed the harassing behavior of her co-workers, supervisors and complained of the harassment up-line to all forms of management.

71.     Plaintiff engaged in a protected activity and, as a result of such activity, was subjected to adverse employment actions.

72.     Defendant does not have a legitimate, non-discriminatory reason for its actions.

73.     Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

74.     Defendant acted with malice and/or reckless indifference toward the plaintiff.

75.     Defendant has engaged in a pattern and practice of discrimination.

## VI.   OUTRAGE

76.     Plaintiff adopts and re-alleges Paragraphs 1-75 above as if fully set forth in full herein.

77.     The defendant and its employees and supervisors outrageously and intentionally inflicted emotional distress upon the plaintiff by subjecting her sexual harassment as set forth above.   The defendant caused the plaintiff severe emotional distress by its conduct.

78.     Defendant outrageously and intentionally inflicted emotional distress upon the plaintiff by subjecting the plaintiff to treatment discussed above and for its knowing and ratification of the actions of its employees and supervisors and plaintiff's discharge.

15

79.     Defendant ratified the conduct of its employees and supervisors in that it had knowledge of said conduct, knew or should have known such conduct constituted sexual harassment and was outrageous, and failed to take adequate steps to remedy the situation.

80.     Management's response and lack thereof of plaintiff's complaints, also outrageously and intentionally inflicted emotional distress upon the plaintiff.

81.     Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

82.     Defendant acted with malice and/or reckless indifference toward the plaintiff.

## VII.   INVASION OF PRIVACY

83.     Plaintiff adopts and re-alleges Paragraphs 1-82 above as if fully set forth in full herein.

84.     Plaintiff's co-workers and supervisors, as set forth above, invaded the privacy of the plaintiff by, among other things, sexually harassing the plaintiff, making inappropriate sexual comments, touching the plaintiff as well as the other conduct described above.

85.     Defendant ratified the conduct of its employees and supervisors in that it had knowledge of their conduct, knew or should have known such conduct constituted sexual harassment and an invasion of privacy, and failed to take adequate steps to remedy the situation.

86.     Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

87.     Defendant acted with malice and/or reckless indifference toward the plaintiff.

## VIII.   NEGLIGENT/WANTON RETENTION

88.     Plaintiff adopts and re-alleges Paragraphs 1-87 above as if fully set forth in full

16

herein.

89.     Upon information and belief, the defendant, Savannah Chatham Metropolitan Police Department, negligently/wantonly retained its employees and supervisors after the plaintiff reported their sexually harassing conduct.   By its action, defendant ratified and/or condoned the employees' and supervisors' sexual harassment of the plaintiff.

90.     The defendant, Savannah Chatham Metropolitan Police Department, had knowledge of said conduct, knew or should have known that such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

91.     The defendant retained its employees and supervisors as employees and supervisors after it had knowledge of their sexually harassing conduct.

92.     The defendant's failure to adequately remedy the situation regarding the harassment of the plaintiff by its employees and supervisors caused the plaintiff to suffered severe emotional distress, embarrassment and humiliation.

93.     The defendant acted with malice and/or reckless indifference toward the plaintiff.

## IX.     NEGLIGENT/WANTON SUPERVISION AND TRAINING

94.     Plaintiff adopts and re-alleges Paragraphs 1-93 above as if fully set forth in full herein.

95.     The defendant, Savannah Chatham Metropolitan Police Department, negligently and/or wantonly supervised and failed to properly train its employees and supervisors both before and after the plaintiff reported said sexually harassing conduct.   By its action, the defendant ratified and/or condoned the sexual harassment of the plaintiff.

96.     The defendants had knowledge of the conduct, knew or should have known that

17

such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

97.    The defendants did not properly supervise, train or take proper action against its employees and supervisors after it had knowledge of their sexually harassing conduct.

98.    Upon information and belief, defendant, Savannah Chatham Metropolitan Police Department, has a pattern and practice of negligently and/or wantonly supervising and training its employees and supervisors.

99.    The defendant's failure to adequately supervise and train its employees and supervisors caused the plaintiff to suffered severe emotional distress, embarrassment and humiliation.

100    Defendant acted with malice and/or reckless indifference toward the plaintiff.

X.    **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court   assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the defendant violate the rights of the plaintiff as secured by 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981, 42 U.S.C. §1983,   and the pendent State law claims brought in this action.

2.    Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with defendant and at defendant's request from continuing to violate 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981, 42 U.S.C. §1983,   and plaintiff's pendent

18

State law claims.

3. Enter an order requiring the defendant to make the plaintiff whole by awarding her the position she would have held prior to her discriminatory and retaliatory discharge, back-pay (plus interest), front-pay, compensatory damages, punitive damages and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of attorneys' fees, costs and expenses.

Respectfully submitted,


/s/ W. Andrew Bowen_____
W. Andrew Bowen
Georgia Bar No. 071398
Paul W. Painter III
Georgia Bar No. 520965
BOWEN PAINTER, LLC
215 W. York Street
Savannah, Georgia 31401
Telephone: 912/335-1909
Telefacsimile: 912/335-3537


OF COUNSEL:

Gregory O. Wiggins (*pro hac vice* to be filed)
Kevin W. Jent (*pro hac vice* to be filed)
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)


PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

19