U.S. DISTRICT COURT
SAVANNAH DIV.

2018 MAY 25 PM 4:38

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALEXANDRIA M. CLAYTON,               )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CASE NO. CV415-93
                                     )
SAVANNAH CHATHAM METROPOLITAN        )
POLICE DEPARTMENT; OFFICER           )
RANDY VEAL, individually and         )
in his official capacity;            )
SGT. CLARENCE FEW,                   )
individually and in his              )
official capacity; CPT.              )
CEDRIC PHILLIPS, individually        )
and in his official capacity;        )
SGT. TORRENCE GARVIN,                )
individually and in his              )
official capacity; CPT. MIKE         )
WILLIAMS, individually and in        )
his official capacity; SGT.          )
CLEVELAND LOVETT,                    )
individually and in his              )
official capacity; MAJOR             )
JULIE TOLBERT, Acting Chief,         )
individually and in her              )
official capacity; SGT.              )
NICOLE KOHLES, individually          )
and in her official capacity;        )
CPL. KEITH RICHARDSON, Star          )
Corporal, individually and in        )
his official capacity; SGT.          )
CHRISTOPHER HEWETT,                   )
individually and in his              )
official capacity; CPT. DEVON        )
ADAMS, individually and in           )
his official capacity; CPT.          )
BEN HERON, individually and          )
in his official capacity;            )
SANTANA WILLIS, Patrol               )
Officer, individually and in         )
his official capacity; SGT.          )
TAMBRA SHOOP, individually           )
and in her official capacity;        )

NIKEY A. NELSON, Community )
Resource Officer, )
individually and in her )
official capacity; BETH )
ROBINSON, Human Resource )
Director, individually and in )
her official capacity; SYLVIA )
PERRY, Employee Relations )
Coordinator, individually and )
in her official capacity; )
STEPHANIE CUTTER, )
individually and in her )
official capacity; CHIEF )
WILLIE LOVETT, individually )
and in his official capacity; )
CHATHAM COUNTY, GEORGIA; and )
CITY OF SAVANNAH, by and )
through the Mayor and )
Aldermen; )
)
    Defendants. )
)

## O R D E R

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint. (Doc. 13.) For the following reasons, Plaintiff's motion is **GRANTED**. As a result, both pending Motions to Dismiss (Doc. 8; Doc. 9) are **DISMISSED AS MOOT**.

### BACKGROUND

This case involves allegations of race and sex discrimination, retaliation, and sexual harassment against several officers and employees of the Savannah Chatham Metropolitan Police Department. Plaintiff previously amended her complaint on two occasions, once to remove a

named defendant, and once to add Defendants Chatham County and the City of Savannah. (Doc. 3; Doc. 7.) Plaintiff now seeks leave to file a third amended complaint, which provides additional factual allegations in support of her claims.

Defendants oppose Plaintiff's motion. (Doc. 14; Doc. 18.) In their response, Individual Defendants argue that Plaintiff's proposed amendments are futile because she still fails to allege facts that, if true, would support her claims. (Doc. 14 at 2.) Similarly, Municipal Defendants also contend that Plaintiff's proposed amendments are futile. (Doc. 18 at 5-13.) In addition, the Municipal Defendants maintain that permitting Plaintiff to amend her complaint would unduly delay these proceedings and unduly prejudice the Municipal Defendants. (Id. at 13-14.)

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." It also directs courts to "freely give leave when justice so requires." Id. The Eleventh Circuit Court of Appeals has recognized that the ultimate purpose of Rule 15(a) is "to allow parties to have their claims heard on the merits." In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014). In this respect,

district courts are directed to "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.' " Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Motions for leave to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Only undue delay will support denial of leave to amend, not the simple passage of time. Engle, 767 F.3d at 1109 (quoting Hester v. Int'l Union of Operating Engr's, 941 F.2d 1574, 1578-79 (11th Cir. 1991)). Leave to amend can also be denied due to futility where the plaintiff's complaint, as amended, would remain subject to dismissal. Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting Halliburton & Assoc., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985)). However, any decision to deny leave to amend must be supported by substantial reasons. Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).

In this case, the Court is unable to conclude that permitting Plaintiff to amend her complaint would either

cause undue prejudice or delay, or be an exercise in futility. Plaintiff's request for leave to amend was filed less than thirty days after Defendants filed their Motions to Dismiss. Moreover, the request was made prior to any party commencing discovery, which was subsequently stayed pending resolution of any motions to dismiss. (Doc. 21.)

With respect to futility, the Court has reviewed the proposed third amended complaint, along with Defendants' responses, and finds that dismissal based on futility is unwarranted. The third amended complaint adds nineteen additional paragraphs that attempt to provide a more robust factual scenario underlying Plaintiff's claims. To be fair, the Court harbors serious doubt concerning the ability of some or all of Plaintiff's claims to ultimately survive a motion to dismiss. At this stage of the litigation, however, the Court is hesitant to conclusively determine that the proposed amendments are futile in the absence of full briefing by all parties with respect to these claims. Therefore, the Court believes that under the liberal standard mandated by Rule 15(a) "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." Engle, 767 F.3d at 1108 (quoting Foman, 371 U.S. at 182). As a result, Plaintiff's Motion for Leave to File Third Amended Complaint must be granted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 13) is **GRANTED**. As a result, both pending Motions to Dismiss (Doc. 8; Doc. 9) are **DISMISSED AS MOOT.**

SO ORDERED this **25**ᵗʰ day of May 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA