IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
ALEXANDRIA M. CLAYTON,           )
                                 )
     Plaintiff,                  )
                                 )
v.                               )   CASE NO. CV415-93
                                 )
SAVANNAH CHATHAM METROPOLITAN    )
POLICE DEPARTMENT; OFFICER       )
RANDY VEAL, individually and in  )
his official capacity; CPT.      )
MIKE WILKINS, individually and   )
in his official capacity; CPT.   )
DEVON ADAMS, individually and    )
in his official capacity;        )
SANTANA WILLIS, Patrol Officer,  )
individually and in his          )
official capacity; BETH          )
ROBINSON, Human Resource         )
Director, individually and in    )
her official capacity; SYLVIA    )
PERRY, Employee Relations        )
Coordinator, individually and    )
in her official capacity;        )
STEPHANIE CUTTER, individually   )
and in her official capacity;    )
CHIEF WILLIE LOVETT,             )
individually and in his          )
official capacity; CHATHAM       )
COUNTY, GEORGIA; and CITY OF     )
SAVANNAH, by and through the     )
Mayor and Aldermen;              )
                                 )
     Defendants.                 )
_____)
```

## O R D E R

Before the Court are Defendants Randy Veal, Clarence Few, Matthew Lopresti, Torrence Garvin, Michael Wilkins, Cleveland Lovett, Julie Tolbert, Nicole Kohles, Keith Richardson,

Christopher Hewett, Devon Adams, Ben Heron, Santana Willis, Tambra Shoop, Nikeya Nelson, Beth Robinson, Sylvia Perry, and Stephanie Cutter's ("Individual Defendants") Motion to Dismiss the Third Amended Complaint (Doc. 26) and Defendant the Mayor and Alderman of the City of Savannah's (the "City") Motion to Dismiss the Third Amended Complaint (Doc. 30). Plaintiff has responded in opposition to both of these motions. (Doc. 35; Doc. 36.) Subsequent to the filing of the Individual Defendants' Motion to Dismiss, Defendants Clarence Few, Matthew Lopresti, Torrence Garvin, Cleveland Lovett, Julie Tolbert, Nicole Kohles, Keith Richardson, Christopher Hewett, Ben Heron, Tambra Shoop, and Nikeya Nelson were dismissed by stipulation. (Doc. 40; Doc. 41.) Accordingly, the Individual Defendants' Motion to Dismiss remains pending as to Defendants Randy Veal, Michael Wilkins, Devon Adams, Santana Willis, Beth Robinson, Sylvia Perry, and Stephanie Cutter. Defendant Willie Lovett, Defendant Savannah Chatham Metropolitan Police Department, Defendant Chatham County, Georgia, and Defendant the City are also remaining defendants in this action. As discussed below, the Court finds that it is in need of a short and concise statement from Plaintiff elaborating on which claims remaining pending against which remaining defendants.

On April 16, 2015, Plaintiff filed her complaint in this Court. (Doc. 1.) On April 17, 2015, Plaintiff filed her first amended complaint. (Doc. 3.) On June 8, 2015, Plaintiff filed her

2

second amended complaint (Doc. 7) and on June 27, 2018, Plaintiff filed her third amended complaint (Doc. 25). In her third amended complaint, Plaintiff brings numerous claims against the Defendants. (Doc. 25.) First, Plaintiff brings claims for sexual harassment pursuant to Title VII and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. (Doc. 25 at ¶¶ 68-78.) Plaintiff's sex harassment claims are brought against all individual Defendants in their official capacity only. (Id. at ¶ 70.) Second, Plaintiff brings claims of race discrimination/harassment pursuant to Title VII, 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, by and through 42 U.S.C. § 1983. (Id. at ¶¶ 79-90.) Plaintiff's Title VII race discrimination claim is brought against the individual Defendants in their official capacity only. (Id. at ¶ 81.) Plaintiff's § 1981 and Equal Protection Clause claims for race discrimination, both brought pursuant to 42 U.S.C. § 1983, are alleged against the individual Defendants in both their individual and official capacities. (Id. at ¶ 82.) All claims for sex and race discrimination and harassment are also brought against Defendant City, Defendant Savannah Chatham Metropolitan Police Department, and Defendant Chatham County, Georgia. (Id. at ¶¶ 70; 81; 82.) Third, Plaintiff brings claims for retaliation pursuant to Title VII, 42 U.S.C. § 1981, and the Equal Protection Clause of

the Fourteenth Amendment of the United States Constitution. (Id. at ¶ 92.) Plaintiff's third amended complaint is silent as to what capacity the individual Defendants have been sued in. Finally, Plaintiff also pleads claims for intentional infliction of emotional distress and invasion of privacy against all Defendants and claims for negligent/wanton retention, negligent/wanton supervision and training against Defendant City, Defendant Savannah Chatham Metropolitan Police Department, and Defendant Chatham County, Georgia. (Doc. 25 at ¶¶ 99-123.)

However, from her responses to the motions to dismiss, Plaintiff appears to abandon some of these claims or otherwise agree to the dismissal of some of her claims. For example, Plaintiff states in her response to the City's motion to dismiss that she brings her sexual harassment claims pursuant to Title VII and the Fourteenth Amendment through § 1983 and her racial harassment claims pursuant to 42 U.S.C. § 1981 through § 1983. (Doc. 35 at 2.) Plaintiff makes no mention of the other bases for her racial harassment/discrimination claims alleged in her third amended complaint. Plaintiff also clarifies that she is pursuing her race-based retaliation claim under § 1981 through § 1983 and her gender-based retaliation claim under Title VII. (Id. at 10.)

Further, in her response to the Individual Defendants' motion to dismiss, Plaintiff consents to the dismissal of some of her claims. (Doc. 36 at 2.) Plaintiff agrees that her Equal Protection

4

Clause claims for sex discrimination/harassment that took place more than two years prior to her filing her lawsuit on April 16, 2015 should be dismissed. (Id.) Plaintiff, however, does not elaborate on which Defendants this consent of dismissal pertains to. Plaintiff also consents to the dismissal of any retaliation claims against individual defendants brought pursuant to the Equal Protection Clause. (Id.) Plaintiff further provides that she does not consent to the dismissal of her race discrimination/harassment claims brought against the individual defendants pursuant to 42 U.S.C. § 1981 through 42 U.S.C. § 1983 and states that "as it relates to the individual Defendants only, Plaintiff is pursuing her § 1981 racial harassment claim against Veal and Willis," and that "[s]he is pursuing her § 1981 retaliation claim against Adams, Perry, Cutter, and W. Lovett." (Id.) Finally, Plaintiff states that she is only pursing her state law outrage/intentional infliction of emotional distress claim against Defendant W. Lovett. (Id.) Plaintiff concludes that she "maintains her claims against the City" as set forth in their motion to dismiss. (Id.)

Therefore, because Plaintiff is abandoning numerous claims against various Defendants in these responses, for the sake of clarity, Plaintiff is **DIRECTED** to file a brief no longer than **five (5) pages** within **fifteen (15) days of the date of this Order** explicitly outlining which claims she is now maintaining against

5

which Defendants in light of her responses to the City's Motion to Dismiss and the Individual Defendants' Motion to Dismiss.

SO ORDERED this 6th day of December 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA